## Hughes, et al. v. West, et al.

(Decided December 7, 1926.)

### Appeal from Boyle Circuit Court.

1. Bills and Notes—Delivery of Notes to Customer, Nine Days After Bank Closed, in Lieu of Bonds Disposed of by Cashier, did Not Make Customer Holder in Due Course.—Where note payable to the bank was substituted for bonds of customer, but no delivery was made thereof until nine days after bank was closed, notes were not acquired in due course of business and plaintiff is not holder in due course, since title did not pass at time of indorsement without delivery thereof.

2. Banks and Banking—Cashier May Not Dispose of Notes of Bank to Creditor After Bank has Closed.—Bank cashier is without authority to dispose of notes of bank or to deliver any note held by bank to one of its creditors after bank has closed.

3. Banks and Banking—Cashier May Indorse Notes Only in Ordinary Course of Business.—Bank cashier may only make indorsement of notes in ordinary course of business.

EMMET PURYEAR for appellant.

C. C. BAGBY, HENRY JACKSON and NELSON D. RODES for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Mrs. Lizzie C. Hughes brought this action to recover on a note dated July 12, 1922, for $3,140.00, executed by C. A. West and Sara G. West, his wife, to the People's Bank and Trust Company of Perryville, Ky. The note was secured by a mortgage dated July 12, 1922, on certain property, and she also sought the foreclosure of the mortgage. West and his wife answered, alleging, in substance, that the notes and mortgage were obtained by fraud and were without consideration.

The facts shown by the record are these: West had executed three notes to the Cecil estate each for a thousand dollars. The payment of the notes was demanded and West went to the Perryville Bank and arranged with the bank that the bank would take up the notes. This the bank did in March, 1922. After this, on March 27, West went to the bank and the cashier, Claude Minor, called his attention to the fact that the bank had taken up the three Cecil notes. He testified that he then executed to the bank a note for $4,002.00, which included the money paid for the Cecil notes. In April, 1922, Minor sent down to a bank at Louisville some bonds owned by Mrs. Hughes which she had left in the bank for safekeeping and without her knowledge or consent sold the bonds and had the proceeds credited to the Perryville bank. In October, 1922, the Perryville bank closed and was put in the hands of the state banking commissioner. Nine days after the bank closed Mrs. Hughes' husband came to the bank to get her bonds which had been left there for safekeeping. Minor then had the assistant cashier to go in the vault and bring him an envelope which had Mrs. Hughes' name on it and in the envelope was the West note for $3,150.00, with an assignment upon

it from the bank to Mrs. Hughes. This was the first that the Hughes learned of the sale of the bonds. Mr. Hughes took the note home to his wife and she afterwards kept it and brought the suit upon it.

The proof shows that Minor told West that he did not have time to write up a note and mortgage in a transaction between them and that West and his wife signed a blank note and also signed a blank mortgage and left them with Minor and that Minor afterwards, on July 12, wrote up the note for $3,150.00 and wrote up the mortgage and certified it as acknowledged by West and wife when neither of them had acknowledged the mortgage and no consideration for the note had been received.

The only ground urged for reversal is that Mrs. Hughes received the note before maturity for a valuable consideration and that she is a holder in due course. The evidence utterly fails to show when the endorsement was placed upon the note. Minor's deposition was taken and his own deposition leaves the matter very doubtful. Mrs. Hughes knew nothing of the note until nine days after the bank was closed.

The circuit judge on these facts dismissed the plaintiff's petition. Minor was utterly without authority to dispose of the notes of the bank or to deliver any note held by the bank to one of its creditors after the bank closed. Such a transaction was not done in the usual course of business. When the bank closed all its assets were held for the equal benefit of all its creditors, and Minor was wholly without authority to prefer one of these creditors to another. Mrs. Hughes did not, therefore, acquire the note in the due course of business and is not a holder in due course. It may be the fact that Minor made the endorsement on the note and put it in the envelope after the bank failed to cover his delinquency in selling Mrs. Hughes' bonds; but if this is not the fact, the result is the same. No title passed when the writing was done. The note still remained the property of the bank and was in its possession. A delivery of the writing was necessary to make it effective, and Mrs. Hughes knew nothing of it until nine days after the bank closed, and its delivery then by the cashier of the defunct bank was not a transfer in the ordinary course of the business. The cashier may only make an indorsement of a note in the ordinary course of business. 2 R. C. L., p. 453.

Judgment affirmed.